ARNOLD & PORTER KAYE SCHOLER LLP
DAVID REIS (SBN 155782)
E-mail: david.reis@arnoldporter.com
MATTHEW DITON (SBN 305597)
E-mail: matthew.diton@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: +1 415.471.3100
Fax: +1 415.471.3400

Attorneys for Defendant
OMV MEDICAL, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARICELA GOMEZ<br><br>                    Plaintiff,<br><br>         vs.<br><br>OMV MEDICAL, INC., BERISA MOLOIAN, and DOES 1 to 100, inclusive,<br><br>                    Defendants. | Case No.: **'21 CV1283 BEN KSC**<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1442, AND 1446** |

DEFENDANT'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant OMV Medical, Inc. ("OMV") hereby files this Notice of Removal to this Court in the above-captioned action pursuant to 28 U.S.C. §§ 1331, 1441, 1442, and 1446, based on federal question jurisdiction and federal officer jurisdiction. In support thereof, Defendant states as follows:

## **INTRODUCTION**

1.      On June 14, 2021, Plaintiff Maricela Gomez ("Gomez") commenced this action in the Superior Court of the State of California, County of San Diego, entitled *Maricela Gomez, Plaintiff v. OMV Medical, Inc., Berisa Moloian, and Does 1 to 100, inclusive, Defendants*, designated as case number 37-2021-00025849-CU-OE-CTL ("Complaint").

2.      The Complaint alleged seven causes of action for: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Accommodate; (3) Failure to Engage in Good Faith Interactive Process; (4) Interference with CFRA Leave; (5) Retaliation for Using CFRA Leave; (6) Defamation; and (7) Wrongful Termination in Violation of Public Policy.

3.      On June 18, 2021, Plaintiff served OMV with the Complaint and Summons from the state court.

4.      Pursuant to 28 U.S.C. § 1446, a true and correct copy of the pleadings and other papers filed in the state court and served on OMV are appended to this Notice of Removal.  A true and correct copy of the Complaint, Summons, Alternative Dispute Resolution ("ADR") Information, Notice of Confirmation of Electronic Filing, Notice of Case Assignment and Case Management Conference, Stipulation to ADR, and Civil Case Cover Sheet served upon Defendants are attached hereto as **Exhibit A**.  A true and correct copy of this Proof of Service is attached hereto as **Exhibit B**.  As of the date of this Notice of Removal, the attached Exhibits constitute all process, pleadings, and orders served upon OMV, or filed by Plaintiff, in this matter.

5.      Promptly after filing this Notice of Removal, OMV will give written notice of the removal to Plaintiff, as well as to the Clerk of the Superior Court of California, County of San Diego, as required by 28 U.S.C. § 1446(d).

DEFENDANT'S NOTICE OF REMOVAL

6.     According to the online Register of Actions of the Superior Court of California, County of San Diego, Defendant Berisa Moloian has not been properly served as of the date of this Notice of Removal.  As such, her consent is not required. 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.").  Further, because this case is also removable pursuant to 28 U.S.C. § 1442, her consent is not required.

7.     Unnamed, unknown, and unserved defendants are not required to join in removal. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("[U]nknown defendants sued as 'Does' need not be joined in a removal petition."); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (finding that only properly served defendants must join a petition for removal).

## TIMELINESS OF REMOVAL

8.     OMV was served a copy of the original Complaint in the state court action on June 18, 2021. Thus, this Notice of Removal is timely filed if filed on or before July 19, 2021.

9.     This Notice of Removal has been filed within thirty (30) days after receipt of the Complaint by OMV, and thus is timely pursuant to 28 U.S.C. § 1446(b) and Rules 5 and 6 of the Federal Rules of Civil Procedure.

## BASIS FOR JURISDICTION

## FEDERAL ENCLAVE JURISDICTION

10.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by OMV pursuant to the provisions of 28 U.S.C. § 1441.

11.     This action may be removed to this Court under 28 U.S.C. § 1441(a) because it arises under a federal statute. *See* U.S. Const. art. I, § 8, cl. 17.

12.     Removal under federal question jurisdiction is proper even if the parties are not diverse and the amount in controversy is not satisfied. 28 U.S.C. § 1441(b).

13.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C § 1331 because Plaintiff asserts claims arising under the Constitution, laws, or treaties of the United States, in that they involve claims arising out of her employment on a federal enclave.

14.     The U.S. Constitution provides that the federal government has legislative rights over certain "federal enclaves"—such as military bases, courthouses, and other official properties—if a state cedes the territory. Const. art. I, § 8, cl. 17. As such, federal courts have federal question jurisdiction over claims that arise on federal enclaves. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (holding that a complaint alleging violations at a U.S. Air Force base was sufficient for the federal enclave doctrine to apply).

15.     In 1897, the California Legislature "cede[d] to the United States of America exclusive jurisdiction over all lands within th[e] State . . . held, occupied, or reserved by the Government of the United States for military purposes or defense, or which may hereafter be ceded or conveyed to said United States for such purposes . . . ." 1897 Cal. Stats., ch. 56, § 1, pp. 51–52. *See* Request for Judicial Notice ("RJN") Ex. A. In 1921, the California Legislature ceded land in San Diego's Balboa Park, "for the exclusive use of the United States navy department as a site for the naval hospital." 1921 Cal. Stats., ch. 43, § 1, p. 54. *Id.* Ex. B. This hospital was the forerunner to Balboa Naval Medical Center. As such, Balboa Naval Medical Center is a federal enclave.

16.     Amongst the services it provides, OMV offers healthcare staffing to a number of private and public clients, including the Department of the Navy, the Department of the Army, and the Department of the Air Force. As relevant to this action, OMV provides healthcare staffing at Balboa Naval Medical Center pursuant to a government contract with the Department of the Navy. Plaintiff was employed by OMV to provide services pursuant to that federal contract as a Pharmacy Technician at Balboa Naval Medical Center from March 1, 2019 to January 15, 2021. Declaration of Serena Mathieson ("Mathieson Decl.") ¶¶ 2-3.

17.     As referenced above, all of Plaintiff's claims in this action are claims that arise out of her employment (and the allegedly wrongful termination thereof) at Balboa Naval Medical Center. *See generally* Complaint. Accordingly, this action arises under the Constitution, law, or treaties of the United States, rendering federal question jurisdiction proper. *See Vaden v. Discover Bank*, 556 U.S. 49, 59–60 (2009) (a suit arises under federal law when "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]").

- 4 -

18. To the extent any claims arise from work Plaintiff performed, comments made, or actions decided outside Balboa Naval Medical Center, this Court has supplemental jurisdiction over any such claims pursuant to 18 U.S.C. § 1367 on the ground that they would be so related to the remaining claims that they form part of the same case or controversy under Article III of the United States Constitution.

## FEDERAL OFFICER JURISDICTION

19. Removal of this case is also appropriate under 28 U.S.C. § 1442(a)(1) as a suit brought against an individual acting under a federal officer under the color of federal office. *See Durham*, 445 F.3d at 1252-53; *Fung v. Abex*, 816 F. Supp. 569, 571-73 (N.D. Cal. 1992).

20. A private party may establish federal officer jurisdiction if three elements are met: (1) it acted under the direction of a federal agency or officer; (2) there is a causal nexus between the federal directive and the conduct in question; and (3) it has a colorable federal defense. *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999).

21. Here, as referenced above, OMV is a government contractor that provided health care employees (including Plaintiff) to work at Balboa Naval Medical Center pursuant to a contract with, and under direction from, the Department of the Navy. Mathieson Decl. ¶¶ 2-3. Government contractors fulfilling the terms of their contractual duties constitute persons acting under the direction of a federal officer. *See Fung*, 816 F. Supp. at 572-73. Further, OMV has a colorable federal defense in that at least some of Plaintiff's state law claims are preempted by the federal enclave doctrine, which provides that only state laws in effect at the time a federal enclave is surrendered to the federal government can continue in operation, unless subsequent laws come within a reservation of jurisdiction or are adopted by Congress. *See Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1147 (S.D. Cal. 2007) (citations omitted). For example, the "common law claim for wrongful termination in violation of public policy was first recognized in California, at the earliest, in 1959" and the "FEHA was not enacted until 1980." *Id.* at 1148-49 (citations omitted).

## VENUE

22. This action was originally brought in the Superior Court of the State of California, County of San Diego, which is located in the Southern District of the State of California. Therefore,

venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1442(a) because it is the "district and division embracing the place where [the state court action] is pending."

### **CONCLUSION**

23.    WHEREFORE, having timely provided notice as required by law, the above-entitled action pending before the Superior Court of the State of California, County of San Diego should be removed to the United States District Court for the Southern District of California.

Dated:  July 16, 2021                                      ARNOLD & PORTER KAYE SCHOLER LLP

By:    */s/ David Reis*
            David Reis

            Attorney for Defendant
            OMV Medical, Inc.

- 6 -